UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARGIE M. GALLOWAY                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 3:09-CV-491-JDM

NATIONWIDE MUTUAL FIRE INSURANCE CO.                         DEFENDANT

**OPINION AND ORDER**

This matter is before the Court on the motion of the defendant, Nationwide Mutual Fire Insurance Co., to bifurcate the extra-contractual claims from the underlying coverage claim and hold discovery of the bifurcated claims in abeyance. The plaintiff, Margie M. Galloway, does not object to the bifurcation of these claims for purposes of trial. However, the plaintiff argues staying discovery of the extra-contractual claims is unduly prejudicial as it would require wasteful duplication of resources in the discovery of bad faith when the underlying claim, as here, is a first-party, rather than a third-party, coverage claim. The plaintiff cites the leading Kentucky cases on this issue, (*Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844 (Ky. 1986) (J. Leibson's dissent); *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176 (Ky. 1989); and *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993)), which suggest that a bifurcated approach to discovery makes more sense in third-party causes. The plaintiff further argues that in first-party coverage disputes, the jury which hears the evidence of the contract claim is better suited to hear the evidence of the bad faith claims. After thorough consideration, however, this court must respectfully disagree with the plaintiff's argument.

The decision whether to bifurcate discovery lies within the sound discretion of the trial court. *Smith v. Allstate Insurance Co.*, 403 F.3d 401, 407 (6th Cir. 2005). Specifically, Rule 42(b) of the Federal Rules of Civil Procedure permits separate trials of any claim or issue. In

addition, trial courts have the inherent power and broad discretion to stay discovery until preliminary questions are determined. *Gettings v. Building Laborers Local*, 349 F.3d 300, 304 (6th Cir. 2003).[1] Although not routine, a bifurcation of claims is permissible if it serves judicial economy and does not unfairly prejudice any party. *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988).

In third-party and first-party cases alike, coverage issues commonly hinge on an issue of contract interpretation and are frequently, although not always, adjudicated on summary judgment motions. Limited discovery and adjudication of the threshold coverage dispute would, in the court's view, streamline adjudication – a conclusion reached without any view of the merits of the underlying coverage claim. Delaying discovery of bad faith would permit the court to adjudicate the underlying contract claim, a threshold issue to the extra-contractual claims.

The court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the defendant's motion to bifurcate is **GRANTED** and discovery of the extra-contractual claims is held in abeyance pending adjudication of the underlying coverage dispute.

DATE:

Copies to: Counsel of Record

---

[1] Although a federal court sitting in diversity applies the law of the forum state, *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460 (1965), the conduct of discovery and bifurcation are matters of federal procedural law. *See Smith*, 403 F.3d at 407.